Parker C. J.
It was decided in the case of Hallowell v. Harwich, that in a suit for maintaining a pauper, a notice given to the overseers of the defendant town previously to the commencement of a former suit between the same parties for supporting the same pauper, could not be recurred to as sufficient to support the second action ; but that every new cause of action must be prosecuted according to the requisitions of the statute, without the aid of the notice given pre *375 viously to the former suit.* [1] And the reason is, that towns shall have the privilege of removing the pauper instead of incurring the expense of a suit, and they may not know, without notice, that the pauper has continued at the expense of the plaintiff town.
The same reasons exist with equal force, where the former suit was still pending at the commencement of the second suit; which was the case in regard to the action now before us.
We must then consider whether the notice attempted to be given was sufficient. We think the delivery of the letter containing the notice, to Valentine, one of the overseers, was sufficient, if the. notice itself was legal, to bind the defendants.
Though delivered to him at Boston, and while he was attending his duties as a member of the legislature, it was nevertheless his duty to take care of it, if he received it, and his receiving it discharged the plaintiffs from any further duty m regard to the notice.[1]
But we think the notice was not sufficiently distinct, to oblige the town of Hopkinton to take any measures in consequence of it. They are informed, that Eliza Snell and her three children are at the expense of the plaintiffs, and are requested to remove them. Now she had four children, and it would not be possible for the defendants to know which of them were the subjects of the request. In the preceding letter they were called upon to remove all four ; but one having ceased to be chargeable, they are now requested to remove three, without naming them, or designating that one which had ceased to be chargeable. This is at least as uncertain as a notice that such a man and his family were chargeable, which has been held insufficient, except that the number is certain. But there was nothing to secure them against mistake, and perhaps an action of trespass, for taking one who had ceased to be liable. We think for this cause, that except as to Eliza Snell alone, the notice was insuf ficient,[2] and the plaintiffs must become nonsuit.

 See Green v. Taunton, 1 Greenl. 228.

 See Gorham v. Calais, 4 Greenl. 475.

 See Bangor v. Deer Isle, 1 Greenl. 329; Dover v. Paris, 5 Greenl. 430; *376 Ware v. Williamstown, 8 Pick, 388; Orange v. Sudbury, 10 Pick. 22; Ux bridge v. Seekonk, 10 Pick 150; Chichester v. Pembroke, 2 N. Hamp R. 530 Lanesborough v. New Ashford, 5 Pick. 190